**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHAVAR BRAND,

Petitioner,

v.

CASE NO: 8:14-CV-245-T-30TGW
Crim. Case No: 8:11-CR-413-T-30TGW

UNITED STATES OF AMERICA,

Respondent.
_________________________________/

**ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on January 31, 2014, and Memorandum in Support (CV Dkt. #2) filed on January 31, 2014. The Government filed a response (CV Dkt. #9) on May 22, 2014. Upon consideration, the Court concludes the instant § 2255 motion should be summarily dismissed without an evidentiary hearing because it plainly appears from the parties' pleadings and the prior criminal proceedings that the Petitioner is not entitled to relief. *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

**BACKGROUND**

Petitioner, Shavar Brand (hereinafter referred to as "Petitioner"), was indicted on August 11, 2011, for: one count of knowingly and intentionally distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); one count of knowingly and intentionally distributing twenty eight grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii); and one count of knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (CR Dkt. #1). On December 14, 2011,

Petitioner pled guilty to all three counts without accepting a plea agreement. (CR Dkt. # 50 at 10).

The probation office prepared a presentence report (PSR) which classified the Petitioner as an Armed Career Criminal (ACC) because of his three previous violent felony convictions. That classification subjected Petitioner to the mandatory fifteen year minimum term of imprisonment based on the following qualifying violent felony convictions:

1. Aggravated Assault with a Firearm, in violation of Section 784.021(1)(a), Florida Statutes, in Case Number 98-9712CF, in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida on March 11, 1999:

2. Burglary of a Structure, in violation of Section 810.02(1), Florida Statutes, in Case Number 00-9317CF, in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida on December 7, 2000; and

3. Aggravated Battery, in violation of Section 784.045(1)(a), Florida Statutes, in Case Number 00-534CF, in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida on March 17, 2000.

(CR Dkt. #1).

At the May 23, 2012 sentencing hearing the Petitioner personally affirmed the factual accuracy of the PSR. (CR Dkt. # 45 at 3). Petitioner's only objection to the application of the sentencing guidelines contained in the PSR, even after receiving a continuance from the court to review the contents of the PSR, was to the use of the burglary charge to classify him as an ACC. (CR Dkt. #45 at 3-4). The Court denied the objection. (CR Dkt. # 45 at 7). Using the recommendation from the PSR, the Court found the Petitioner had a total offense level of 31 and a criminal history level of VI, which called for imprisonment of 188 to 235 months. (CR Dkt. #45 at 7). The Court sentenced the Petitioner to imprisonment for a term of 188 months. (CR Dkt. # 45 at 13).

Petitioner appealed the sentence to the Eleventh Circuit arguing that this Court committed procedural error in calculating his offense level and criminal history category by connecting the firearm possession and the drug distribution offenses. Petitioner did not appeal his classification as an ACC, or assert that any of the underlying violent felony convictions were inapplicable. (CV Dkt. #9-1 at 1-17). On February 13, 2013, the Eleventh Circuit affirmed the Court's offense level and criminal history category determinations. *United States v. Brand*, 509 Fed. Appx. 846, 848 (11th Cir. 2013).

Petitioner timely filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence (hereinafter referred to as "motion" or "Petitioner's Motion") on January 31, 2014. In his motion, Petitioner lists four grounds on which he claims his Constitutional rights are being violated. (CV Dkt. #1). The only information contained in the motion itself for Grounds One, Two, and Four is "See attached Memorandum of Law." *Id*. Petitioner's Ground Three claim is as follows, "Counsel was ineffective for allowing the Petitioner to be convicted for a violent crime." *Id*.

Petitioner listed the following facts in support of Ground Three, "Counsel was ineffective for allowing the petitioner to be charged and enhanced for a violent instant offense, when in fact, Petitioner's instant offense did not have anything to do with violance [sic] at all." *Id.* In his Memorandum in Support, the Petitioner lays out his claims in two argument sections. (CV Dkt. #2). The Court has attempted to dissect these two argument sections and finds that the Petitioner makes roughly 5 claims as to why this Court should vacate his sentence:

1. The Aggravated Assault, Aggravated Battery, and Burglary convictions should not have been used to classify the Petitioner as an ACC.

2. The use of the Aggravated Assault and Aggravated Battery convictions to classify the Petitioner as an ACC is a violation of the Petitioner's due process rights under the Fifth Amendment.

3. Petitioner's counsel was ineffective for failing to object to the use of the Aggravated Assault and Aggravated Battery convictions to classify the Petitioner as an ACC at sentencing, and was ineffective for failing to subsequently appeal that classification.

4. Petitioner's counsel was ineffective for allowing the Court to categorize his Burglary conviction as a violent felony for the purposes of classifying him as an ACC.

5. Petitioner's 188 month prison sentence constitutes cruel and usual punishment and is a violation of his Eighth Amendment rights.

The Court will address each of these claims in order.

**DISCUSSION**

1. The Petitioner first argues that the Court should not have adopted the probation office's recommendation and classified him as an ACC for sentencing purposes. The Petitioner further claims that none of his prior felony convictions constitute violent felonies as defined in 18 U.S.C. § 924(e)(1), and therefore cannot be used to classify him as an ACC. These claims are procedurally barred because they should have been raised on direct appeal. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."). There is an exception to this general rule when a petitioner shows both cause for the failure to raise the claim on direct appeal and actual prejudice from that failure. *Id.* In this case, the Petitioner claims neither and is therefore procedurally barred. By way of explanation to Petitioner why his claims would have failed even if not procedurally barred, the Court will address the merits of the Petitioner's claims regarding his classification as an ACC.

To be classified as an ACC and subjected to the mandatory fifteen year minimum term of imprisonment, a defendant must first be convicted of 18 U.S.C. § 922(g)(1), possession of a firearm after having been convicted of a felony, and also previously have been convicted of three unrelated violent felonies. *See* 18 U.S.C. § 924(e)(1) (2006). A violent felony is a crime that is "punishable by imprisonment for a term exceeding one year" that also:

> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

*Id.* Physical force as used in subparagraph (i) means violent force – that is, force capable of causing physical pain or injury to another person. *Johnson v. United States*, 559 U.S. 133, 140 (2010). Any felony that falls into the above categories may be used for the ACC sentence enhancement.

It is well settled law within the Eleventh Circuit that each of the Petitioner's prior felony convictions, Aggravated Assault, Aggravated Battery, and Burglary of a Structure, involve the use of violent force against another, or the potential use of violent force against another, and fall squarely within the violent felony category. A conviction of Aggravated Assault in violation of section 784.021, Florida Statutes, qualifies as a violent felony for the purposes of the Armed Career Criminal Act ("ACCA") because it includes the threatened use of physical force against another. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013). Aggravated Battery under section 784.045, Florida Statutes, also qualifies as a violent felony under the ACCA because it involves the use of a deadly weapon. *See Id.* at 1341.

Some burglary convictions do not constitute violent felonies under the ACCA. However, Petitioner's conviction of Burglary of a Structure in violation of section 810.02(1), Florida Statutes, is not one of those exceptions. For a burglary conviction to constitute a violent felony under the ACCA the language of the statute in question must correspond to the generic elements of burglary; unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). A burglary of structure conviction in violation of section 810.02(1), Florida Statutes, is a violent felony under the ACCA because it satisfies the necessary elements of generic burglary, entry of a structure with the intent to commit a crime therein. *United States v. Bush*, 437 Fed. Appx. 820, 822 (11th Cir. 2011). Petitioner's conviction of Burglary of Structure was in violation of section 810.02(1), Florida Statutes. Thus it is a violent felony for the purposes of the ACCA.

As each of the Petitioner's three prior felony convictions are considered violent felonies under the ACCA, the Court properly classified him as an ACC. Accordingly, Petitioner's claim that the Court should vacate his sentence because he is not an ACC is without merit.

2. The Petitioner's claim that his classification as an ACC violated his Fifth Amendment due process rights is without merit. Petitioner's Motion and Memorandum in Support contain no facts, or law in support this claim. The Court based its decision to classify the Petitioner as an ACC on the facts contained in the PSR, which were affirmed as accurate by the Petitioner at his sentencing hearing. (CR Dkt. # 45 at 3). The Petitioner had the opportunity to object to any facts or determinations contained in the PSR and did not do so. (CR Dkt. #45). This claim fails for lack of merit.

3. The Petitioner contends that his sentence should be vacated because of ineffective assistance of counsel. Petitioner claims that his counsel performed ineffectively when she failed

to object to the use of Petitioner's Aggravated Assault and Aggravated Battery convictions to categorize him as an ACC.

To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is considered deficient when it is objectively unreasonable under prevailing professional norms. *Id.* at 688. The defendant must then show that counsel's deficient performance prejudiced the defense. *Id.* at 692. To show that the defense was prejudiced the defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient performance the result of the proceedings would have been different. *Id.* at 694. The Petitioner must make a showing of both components to prevail on a claim of ineffective assistance of counsel. *See id.* at 687. If the Petitioner fails to show either prong, then his claim must fail. *Id.*

In the instant case, the Petitioner fails to show that his counsel's performance was objectively unreasonable under prevailing professional norms. As such, there is no need to examine the prejudicial effect of counsel's performance. Petitioner's claim that his counsel acted ineffectively by failing to object to, or subsequently appeal the Court's use of his Aggravated Assault and Aggravated Battery convictions in categorizing him as an ACC is without merit. It is well established law in the Eleventh Circuit that both of those convictions constitute violent felonies for the purpose of determining ACC status. (see above). Given the prevailing law in the Eleventh Circuit, any objection to those two felonies would have been meritless. A lawyer's failure to preserve a meritless issue cannot prejudice a client, and is not grounds for deficient performance. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). As any objection to or appeal of the Court's the Court's use of the Aggravated Assault and Aggravated Battery

convictions to categorize the Petitioner as an ACC would have been meritless, counsel's performance cannot be deficient for failing to do so.

4. Petitioner also claims his counsel was ineffective for "allowing burglary of a structure to be used against the Petitioner." (CV Dkt. #2 at 10). This claim is meritless as well. Again, the Petitioner fails to show that his counsel performed deficiently. At his sentencing hearing, Petitioner's counsel objected to the Court's use of the burglary charge to classify the Petitioner as an ACC. (CR Dkt. #45 at 4). That objection went against prevailing law in the Eleventh Circuit and the Court overruled the objection. *Id.* at 7. The performance of Petitioner's counsel at the sentencing hearing was in no way deficient. Counsel raised her objection, argued it, and it was subsequently denied by the Court. Petitioner's Motion and Memorandum in Support contain only conclusory statements about his counsel's ineffective assistance in regards to the use of his burglary conviction to classify him as an ACC. Petitioner fails to provide any facts in support of those statements. The Petitioner must assert more than just conclusory statements without factual substantiation to prevail on a claim of ineffective assistance of counsel. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Accordingly, Petitioner's claim of ineffective assistance of counsel is without merit.

5. Finally, Petitioner contends that his 188 month term of imprisonment constitutes cruel and usual punishment under the Eighth Amendment. Petitioner bases this claim on the argument that he is not an ACC and should not be subjected to the mandatory fifteen year minimum term of imprisonment. This claim is procedurally barred as a sentencing issue that should have been raised on direct appeal. *See Greene*, 880 F.2d at 1305.

Had this claim not been procedurally barred, it would have failed for lack of merit. The Court adopted the proper offense level, 31, and criminal history category, VI, for the Petitioner.

The Federal Sentencing Guidelines called for a term of imprisonment of 188 to 235 months for that offense level and criminal history category. (CR Dkt. #45). The Court sentenced the Petitioner to 188 months, the low end of the guidelines. *Id.* A sentence at the low end of the guidelines does not meet the grossly disproportionate standard for cruel and usual punishment claims. Accordingly, Petitioner's claim that his sentence violates his Eighth Amendment rights is without merit.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. # 1) is **DISMISSED** as procedurally barred.

2. The Clerk is to dismiss this case with prejudice, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.# 61, in the underlying criminal case, case number 8:11-CR-413-T-30TGW.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** on this 30th day of June, 2014.

James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
SHAVAR BRAND
55310-018
FCC Coleman – Medium
P.O. Box 1032
Coleman, FL 33521-1032
PRO SE

JOSEPH W. SWANSON
US Attorney's Office – FLM
Suite 3200
400 N Tampa St
Tampa, FL 33602